UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

CHAYA LANDAU on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

          -against-

GC SERVICES LIMITED PARTNERSHIP

                         Defendant.

_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Chaya Landau, brings this action against GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Chaya Landau**

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 18, 2017, Defendant sent the Plaintiff a collection letter.

11. The May 18, 2017 letter stated in part: "As of the date of this letter, you owe $6,363.69. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you."

12. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

13. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

14. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

15. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

17. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

18. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

19. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

20. The May 18, 2017 letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.

21. The May 18, 2017 letter failed to inform Plaintiff whether the amount listed already includes "accrued interest."

22. The May 18, 2017 letter failed to inform Plaintiff whether the amount listed already includes "late charges, and other charges."

23. The May 18, 2017 letter failed to advise Plaintiff what portion of the amount listed is principal.

24. The May 18, 2017 letter failed to inform Plaintiff whether the amount listed will increase.

25. The May 18, 2017 letter failed to inform Plaintiff what "late charges, and other charges" might apply.

26. The May 18, 2017 letter failed to inform Plaintiff if "late charges, and other charges" are applied, when such "late charges, and other charges" will be applied.

27. The May 18, 2017 letter failed to inform Plaintiff if "late charges, and other charges" are applied, what the amount of those "late charges, and other charges" will be.

28.     The May 18, 2017 letter failed to inform Plaintiff of the nature of the "late charges, and other charges."

29.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," what the amount of the accrued interest will be.

30.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," when such interest will be applied.

31.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," what the interest rate is.

32.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per day.

33.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per week.

34.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per month.

35.     The May 18, 2017 letter failed to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per any measurable period.

36.     The May 18, 2017 letter fails to indicate the minimum amount Plaintiff owed at the time of the letter

37.     The May 18, 2017 letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

38.     The May 18, 2017 letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

39. The May 18, 2017 letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

40. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of this letter," at any time after receipt of the letter.

41. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the May 18, 2017 letter.

42. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

43. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

44. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

45. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

46. If "late charges, and other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "late charges, and other charges."[1]

47. The Defendant's failures are purposeful.

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

48. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

49. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "late charges, and other charges" might apply.

50. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "late charges, and other charges" will be applied.

51. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

52. The May 18, 2017 letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

53. The May 18, 2017 letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

54. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

55. The May 18, 2017 letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

56. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

57. On the back of the said May 18, 2017 letter, the Defendant stated the following:

"UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' **INITIAL WRITTEN NOTICE** TO YOU CONCERNING

THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR." (emphasis added)

58.     Said letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C.

§§ 1692e and 1692e(10).

59.     Section 1692g(a) of the FDCPA provides:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);

The written notice must also contain:

a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4)."

60.     The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant.

61.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

62.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

63.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to his or her rights.

64.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to his or her rights.

65.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to his or her rights.

66.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confused Plaintiff.

67.    The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC**

**SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff uncertain as to his or her rights.

68.   The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff confused as to his or her rights.

69.   The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe there was a prior initial written communication from Defendant.

70.   The Defendant's addition of the words "**AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT**" to the disclosure required by 15 U.S.C. § 1692g(a)(3) led Plaintiff to believe his time to dispute the debt had already passed.

71.   The Defendant's Notice implies that the thirty day period for a consumer to dispute a debt begins at the receipt of Defendant's "**INITIAL WRITTEN NOTICE**" to the consumer.[2]

72.   The Notice does not however imply, that the thirty day period to dispute a debt and/or obtain verification begins at the receipt of the Defendant's actual May 30, 2016 letter.

73.   The said Notice is in violation of the FDCPA as it failed to effectively and clearly convey to the Plaintiff and the unsophisticated consumer, the correct time-frame in which a

---

[2] Guerrero v. GC Servs. Ltd. P'ship, No. CV 15-7449 (DRH) (AKT), 2017 U.S. Dist. LEXIS 42884 (E.D.N.Y. Mar. 23, 2017) (". . . Section 1692g sets forth certain information that a debt collector must convey in writing to a debtor when attempting to collect a debt. . . . However, although communicating the above language to a debtor is necessary to comply with the statute, it does not follow that the provision of such language is in all cases sufficient to insulate a debt collector from liability.")

dispute need be submitted to the Defendant in order to invoke the protections of the FDCPA.

74. The Defendant's language would lead the least sophisticated consumer to assume that his option to dispute the debt, would only be in writing.

75. An unsophisticated consumer would assume from the above mentioned language, that he or she has no option to make an oral dispute.[3]

76. Said language can be reasonably read to have two or more different meanings, one of which is false.[4]

77. Defendant's May 18, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g for sending a collection letter which fails to effectively provide the Validation Rights Notice required by law, and for engaging in deceptive practices.

78. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

79. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

80. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

81. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

82. Defendant used materially false, deceptive, misleading representations and means in its

---

[3] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); Zengerle v. Dynia & Assocs., 2013 U.S. Dist. LEXIS 130873 (6th Cir. M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

[4] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

attempted collection of Plaintiff's alleged debt.

83.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

84.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

85.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

86.   Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

87.   This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

88.   The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

89.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

90.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

91.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

92.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

93.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

        (b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The

principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on

information and belief, collects debts throughout the United States of America.

94. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

95. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

96. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

97. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

98. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through ninety seven (97) herein with the same force and effect is if the same were set forth at length herein.

99.    This cause of action is brought on behalf of Plaintiff and the members of two classes.

100.   The first class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 18, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

101.   The second class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form as the letter sent to Plaintiff on or about May 18, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; and (c) Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g for sending a collection letter which failed to effectively provide the Validation Rights Notice required by law, and for engaging in deceptive practices.

**Violations of the Fair Debt Collection Practices Act**

102.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

103.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
            October 22, 2017

                                    __/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.
                                    Attorneys for the Plaintiff
                                    Maxim Maximov, LLP
                                    1701 Avenue P
                                    Brooklyn, New York 11229
                                    Office: (718) 395-3459
                                    Facsimile: (718) 408-9570
                                    E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                    __/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.